**David KOCAN and MaryAnne
C. Kocan, Plaintiffs,**

v.

**ABF FREIGHT SYSTEM, INC., Arkansas Best Corporation, WorldWay Corporation, and Carolina Freight Carriers Corporation, Defendants.**

**Richard E.F. Valitutto and R. Julene Valitutto, Plaintiffs,**

v.

**ABF Freight System, Inc., Arkansas Best Corporation, WorldWay Corporation, and Carolina Freight Carriers Corporation, Defendants.**

**Kenneth L. Long, Plaintiff,**

v.

**ABF Freight System, Inc., Arkansas Best Corporation, WorldWay Corporation, and Carolina Freight Carriers Corporation, Defendants.**

Nos. 3:97CV177–P, 3:97CV178–P, 3:97CV335–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 4, 1999.

Michael Minsker, Charlotte, NC, for plaintiff.

Brian Kaplan, Maury Josephson, New York City, Debbie Harden, Charlotte, NC, for defendant.

### MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THESE MATTERS** are before the Court on Plaintiffs' Motion to Amend Findings of Fact and Judgment.

The Plaintiffs request that the Court amend its Findings of Fact to include proposed findings of fact numbered 6, 16, 18, 43, and 44 submitted by Plaintiffs before and after the trial and submit the following:

A. Amended Findings of Fact as to Plaintiffs' Professional Efforts;

B. Amended Findings of Fact as to the Corporate Organization; and

C. Amendment or Clarification to the Court's Finding No. E.5.

D. Altered Finding of Fact G12.

## A. The Plaintiffs' Professional Efforts

■ The Plaintiffs contend that the Plaintiffs testified about their job responsibilities and professional efforts on behalf of the company before, during and after the acquisition and merger. The Plaintiffs also contend that the Plaintiffs, upon executing their respective Senior Executive Benefit Plans ("SEBP"), gave up certain life insurance benefits and otherwise made promises, as contained in the SEBP, to Carolina Freight Carriers Corporation. The Plaintiffs also contend that Plaintiffs Kocan and Long did not compete with CFCC or its parent WorldWay while employed *before December 1, 1995* (emphasis added).

The Plaintiffs then request the Court to include proposed Findings Nos. 6, 16, 18, 43, and 44 submitted by the Plaintiffs before and after the trial. In paragraph 9 of Section A of their Motion, the Plaintiffs state that the Findings of Fact requested "will not alter the Court's judgment, are consistent with other Findings of Fact by the Court and may be of some significance if the matter is appealed to the United States Court of Appeals."

If the proposed Findings of Fact "will not alter the judgment and are consistent with other Findings of Fact by the Court" the Court does not see the point in making such Findings of Fact and will therefore deny such an amendment or addition to the Findings of Fact in the Court's Memorandum of Decision. Further, the above proposed Findings of Fact are irrelevant to the Court's decision.

## B. The Corporate Organization.

■ The Plaintiffs also propose the amendment of Findings of Fact to add their proposed Finding of Fact No. 11 which reads: "Plaintiffs' SEBP's were binding upon and enforceable against Carolina Freight Corporation and WorldWay."

The Plaintiffs further propose adding their Finding of Fact No. 14 which reads as follows:

14. Each member of the WorldWay Board of Directors had been nominated for election to that Board by then current members of the Board of Directors and subsequently elected, during annual meetings, to the Board of Directors by the shareholders of WorldWay, or its predecessor Carolina Freight Corporation. [TT. Vol. II, at pp. 19–21].

The Plaintiffs further propose that the Court should add the Plaintiffs' proposed Findings of Facts 33, 34, 35, and 36 which read as follows:

33. Plaintiffs [sic] employer and signatory to the SEBP, Carolina Freight Carriers Corporation, was removed from the WorldWay Corporation structure and merged directly into ABF Freight Systems, Inc., a wholly owned subsidiary of Arkansas Best Corporation, on September 20, 1995, therefore a total and absolute change in control of Carolina Freight Carriers Corporation occurred on that date and the WorldWay board [sic] of Directors, regardless of the makeup of the board lost any control or authority over Plaintiffs. [Plaintiffs' Exhibit 6; TT. Vol. II at pp. 129–130].

34. WorldWay and its remaining subsidiaries (but not Carolina Freight Carriers Corporation) were merged into ABC Acquisition Corporation on October 12, 1995. [Plaintiffs' Exhibit 7, TT. Vol. II at p. 130].

35. Prior to the October 12, 1995 merger, the sole member of the Board of Directors of ABC Acquisition Corporation was Richard F. Cooper, General Counsel for Arkansas Best Corporation. [Defendants' Exhibit 5, page 40, and TT. Vol. II at pp. 114–115].

36. The Agreement and Plan of Merger (dated July 8, 1995) and the Articles of Merger of ABC Acquisition Corporation into WorldWay Corporation filed with the North Carolina Secretary of State provided that Richard F. Cooper,

as sole director of ABC Acquisition Corporation, would become the Board of Directors of WorldWay on the effective date of the merger (October 12, 1995). [Plaintiffs' Exhibit 13 at § 2.6; TT. Vol. II pp. 119–120 and Plaintiffs' Exhibit 16; TT. Vol. II at pp. 131–132].

The Court will deny the Plaintiffs' Motion to add Plaintiffs' proposed Findings of Fact Nos. 14, 33, 34, 35, and 36 for the following reasons:

(a) As to Finding of Fact Nos. 11 and 14, it is irrelevant to the Court's Decision that the Plaintiffs' SEBP's were binding upon and enforceable against Carolina Freight Corporation and WorldWay and that the members of the Board of WorldWay had been nominated to the Board by the then-current members of the Board of Directors and then subsequently elected to the Board during annual meetings of the shareholders of WorldWay, or its predecessor Carolina Freight Corporation.

(b) As to Plaintiffs' proposed Finding of Fact No. 33, it is irrelevant to this Decision that Carolina Freight Carriers Corporation (a subsidiary of WorldWay) was "removed from the WorldWay Corporation structure and merged directly into ABF Freight Systems, Inc., a wholly-owned subsidiary of Arkansas Best on September 20, 1995."

The issue is not whether the WorldWay Board lost control or authority over Plaintiffs. The issue is: "Did a majority of the Incumbent Board give written approval to the termination of the Plaintiffs *before or after* such termination occurred?" In this case, the Incumbent Board, on October 17, 1995, unanimously approved in writing the termination of all the Plaintiffs, thus satisfying the requirement of Paragraph 9(b) of the SEBP. (See DX 7).

Once again, Paragraph 9(b) of the SEBP for each Plaintiff (DX8A, 8B, 8C) reads as follows:

(b) Nothing in this Agreement shall be construed to obligate the Company to continue to employ Employee; provided, however, that in the event such employment relationship is terminated by the Company *or any successor corporation at any time after a change in control of the Corporation or any successor corporation, and such termination occurs without the written approval of a majority of the Incumbent Board as defined in paragraph 9(c)(2) either before or after such termination occurs,* the Company or its successor corporation, as the case may be, shall pay to Employee the benefits provided in paragraph 4 herein commencing on the first day of the month immediately following the date of such termination of employment. Payment of such benefits shall relieve the Company of all other obligations for payment under this Agreement.

The termination of all the Plaintiffs was approved by the Board of Directors unanimously on October 17, 1995. See DX7.

The Plaintiffs' Motion to add Finding of Fact No. 33 will be denied as irrelevant.

(c) As to Plaintiffs' proposed Finding of Fact No. 34, it is irrelevant to this Decision and will therefore be denied.

(d) As to Plaintiffs' proposed Finding of Fact No. 35, that "[p]rior to October 12, 1995 Merger, the sole member of the Board of Directors of ABC Acquisition Corporation was Richard F. Cooper, General Counsel for Arkansas Best Corporation," the Court will deny the motion to add the proposed Finding of Fact as erroneous. On August 11, 1995, the Arkansas Best Designees became members of the Incumbent Board of WorldWay. Robert A. Young, III, Donald L. Neal, Richard F. Cooper, John R. Meyers, R. David Slack, William A. Marquard and John R. Morris were elected and became members of the Incumbent Board of WorldWay. (Lary Scott was already a member.) See DX6 and Sec. 1.5 of the Merger Agreement, DX3. The Directors elected on August 11, 1995 remained Directors of WorldWay until

its merger into Arkansas Best in 1997. Cooper 11/3/98 Tr. p. 131; DX13, DX14, DX15.

(e) The proposed Finding of Fact No. 36 is denied as erroneous. See DX6.

### C. *Proposed Amendment or Clarification to Court's Finding No. E.5.*

■ The Plaintiffs ask that the Court amend Finding of Fact E.5 (p. 6 of the Memorandum of Decision).

The Plaintiffs' reason for moving that the Court amend Finding of Fact E.5 commences with the sentence: "While the Court's Finding of Fact is not disputed, it does contain an ambiguity that may become important on appeal." The Court will decline to amend Finding of Fact E.5.

This Finding by the Court, including the term "shark repellent," is obviously the Court's words in summing up the World-Way Board's previous actions, and anyone reading the cited transcript could easily discern that.

### D. *Altered Finding of Fact G12* (Memorandum of Decision, p. 19).

■ This section of the Plaintiffs' Motion is an attempt by the Plaintiffs to reargue the case.

In this case, the individuals who were the pre-merger Directors, Daniel A. Bogan, Jr., et al., were the unquestioned Incumbent Board. They resigned effective August 11, 1995, on the same date Arkansas Best Designees Cooper et al. were approved by the WorldWay Incumbent Board. (DX6)

Now, as to whether the members of the Board of Directors who were elected to the WorldWay Board on August 11, 1995 constitute the "Incumbent Board," as defined in Paragraph 9(c)(2) of the SEBP, (DX 6), the Court has found as a Fact that they do constitute the Incumbent Board under the provisions of Paragraph 9(c)(2) of the SEBP. DX 8(a), 8(b), and 8(c).

Paragraph 9(c)(2) in all the Plaintiffs' SEBP's reads as follows:

. . . any person becoming a director subsequent to the date hereof whose election *or* nomination for election by the Corporation's shareholders, was approved by a vote of at least three quarters of the directors comprising the Incumbent Board (either by specific vote or by approval of the proxy statement of the Corporation [i.e., WorldWay] in which such person is named as a nominee for director, without objection to such nomination) shall be, for purposes of this clause (c), considered as though such person were a member of the Incumbent Board.

Once again, the election of the pre-merger Directors of WorldWay unanimously approved the election of the Arkansas Best Designees to the WorldWay Board by specific vote on July 8, 1995. See DX 1 and attached "Plan of Merger" Art. I, Sec. 1.5, Art. II, Section 2.6, and attached Exhibit 1; DX2, DX3, DX4, and DX5, Schedule I. Note also that the July 8, 1995 Resolution by the pre-merger Directors authorized the chairman and CEO (Lary Scott) and the General Counsel (Yorke) to take all steps "necessary or appropriate to carry out its terms, including the election of the Arkansas Best Designees to the Board."

Thus, even though the pre-merger Directors did not know at the time of the July 8 meeting the exact number of resignations and replacements that would be required pursuant to Sec. 1.5(a) of the Merger Agreement, the pre-merger Directors were apprized of the identities of the Arkansas Best Designees and of the fact that the pre-merger Directors would be replaced on the WorldWay Board by the Arkansas Best Designees. Since the election of the Arkansas Best Designees had been specifically authorized and unanimously approved by the pre-merger WorldWay Incumbent Board by a specific vote on July 8, the Arkansas Best Desig-

nees became members of the Incumbent Board on August 11, 1995. (See DX6).

At the July 8, 1995 meeting the Incumbent Board (DX1) also approved unanimously the Merger Agreement and the proxy statement of the Corporation. The WorldWay shareholders were provided with the names and detailed biographical information regarding the candidates for election to the WorldWay Board of Directors. (See DX4 and DX5, pp. 38, 39, & 40).

Shareholders who owned approximately 91% of the shares of WorldWay voted to accept the tender offer by Arkansas Best and tendered their shares. DX6; Cooper 11/3/98 Tr. pp. 117, 120; Yorke 11/3/98 Tr. p. 89. See DX3, Sec. 1.5(a), Cooper 11/4/98 Tr., pp. 32–45. Consequently ABC Acquisition owned 91% of the stock of WorldWay.

Therefore, the Plaintiffs' Motion to alter or amend the Finding of Fact G12—to conclude that the October 17, 1995 WorldWay Board, consisting of Messrs. Scott et al., were not operating as the Incumbent Board for purposes of the SEBP—will be denied. Further, the Directors elected by the shareholders of WorldWay holding 91% of the shares assumed the vacancies created by the resignation of the pre-merger Directors on August 11, 1995, pursuant to Article III, Sec. 5 of the By–Laws of Carolina Freight Corporation. (DX18) See PX10 p. 6, and DX6 and attachments.

The Plaintiffs contend in their Motion to Amend, paragraphs 24 and 25, pp. 7 and 8:

24) The Arkansas Best nominees appointed to the WorldWay Board by Lary Scott on August 11, 1995 were *never* elected by the shareholders of WorldWay to the Board, before or after the Plaintiffs were terminated. Plaintiffs' Exhibit 33, the Notice of Special Meeting of WorldWay Shareholders, post acquisition and in preparation for the October 12, 1995 merger of WorldWay and ABC Acquisition Corporation, clearly demonstrates that no directors were nominated or elected by the WorldWay shareholders. Moreover, the Arkansas Best nominees to the WorldWay Board were not appointed to complete the terms of their successors, as required by the WorldWay By-laws (PX 10).

25) If Paragraph 9(c)(2) means what it says, then the pre-offer WorldWay Board of Directors (the "Incumbent Board") was required to "nominate" *for election by the shareholders* or otherwise "approve" *for election by the shareholders* their successors, for those successors to become lawful members of the "Incumbent Board." The record is clear, this never happened. The members of the Incumbent Board simply resigned as part of a plan of acquisition and merger that called for shareholders of WorldWay to tender their shares. The Incumbent Board did not nominate the Arkansas Best designees to be elected to the Board by the WorldWay shareholders. Therefore, those nominees or appointees could not become members of the Incumbent Board.

Paragraph 9(c)(2) of the SEBP reads as follows:

(2) individuals who constitute the Board on the date hereof (the "Incumbent Board") cease for any reason to constitute at least a majority thereof, provided that any person becoming a director subsequent to the date hereof whose election, or nomination for election by the Corporation's shareholders, was approved by a vote of at least three quarters of the directors comprising the Incumbent Board (either by a specific vote or by approval of the proxy statement of the Corporation in which such person is named as nominee for director, without objection to such nomination) shall be, for purposes of this clause (c), considered as though such person were a member of the Incumbent Board.

Paragraphs 24 and 25 in Plaintiffs' Motion are simply erroneous statements by the Plaintiffs. Remember, there was a July 8, 1995 meeting of the WorldWay

Board of Directors. After that meeting, documented in DX1 and DX2, the Board caused to be mailed to the shareholders certain documents (see DX4) informing the shareholders of the tender offer by Arkansas Best and the pertinent provisions of the Merger Agreement. (See also, DX 3 and DX 5)

In summary, the Arkansas Best Designees were the nominees and were elected by 91% of the shares of WorldWay through a proxy from the shareholders held by Mr. Cooper. A formal vote would have served no purpose. The election of the Directors was a foregone conclusion. In approving the Merger Agreement, the shareholders of WorldWay approved the Designees of Arkansas Best as Directors. "Designate" is defined in Black's Law Dictionary as to "nominate" among other definitions. "Nominate" is defined as "to name," "designate" or "propose for election or appointment." *Black's Law Dictionary 6th Ed.1990.* In other words, to designate or to nominate mean the same.

The individuals who were elected and became Directors by this process were unanimously approved by the Incumbent Board in the Resolution adopted by the pre-merger Board of Directors on July 8, 1995 (DX 1):

\*   \*   \*   \*   \*   \*

RESOLVED FURTHER, that the Merger Agreement be, and it hereby is, hereby approved, ratified and confirmed in all respects;

RESOLVED FURTHER, that the Offer be, and hereby is, approved by the Board of Directors and that the Board of Directors recommend to the shareholders of the Corporation that they accept the Offer;

RESOLVED FURTHER, that the plan of merger contained in the Merger Agreement is hereby adopted and approved and that such plan of merger be submitted to the shareholders of the Corporation for a vote at a special meeting to be called for such purpose as promptly as practicable in accordance with the terms of the Merger Agreement;

RESOLVED FURTHER, that the record date for determining those shareholders entitled to notice of and to vote at such special shareholders' meeting shall be determined by the Chief Executive Officer of the Corporation;

RESOLVED FURTHER, that the Board of Directors recommend to the shareholders that they approve the Merger Agreement, and that such recommendation be communicated to the shareholders prior to the special meeting;

RESOLVED FURTHER, that the Chief Executive Officer and the Vice President and General Counsel of the Corporation, acting individually or together, are each hereby authorized and directed to execute and deliver said Merger Agreement, substantially in the form of the draft Merger Agreement presented to this meeting . . .

(See DX2; Exhibit I).

**NOW, THEREFORE, IT IS OR-DERED** that Plaintiffs' Motion to Amend Findings of Fact and Judgment be, and hereby is, ***DENIED IN ITS ENTIRETY.***